**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SAMUEL AYE, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 4:22-cv-562 JMB |
| GUPREET PAADA, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented plaintiff Samuel Aye for leave to commence this action without payment of the required filing fee. ECF No. 3. For the reasons discussed below, plaintiff will be directed to submit a certified copy of his inmate account statement, and an amended complaint on a Court-provided form.

**Inmate Account Statement**

Plaintiff is an inmate currently incarnated at Jackson County Jail in Murphysboro, Illinois. On May 16, 2022, he submitted an application to proceed in district court without prepaying fees or costs. ECF No. 3. This application includes an affidavit of his assets as required by 28 U.S.C. § 1915(a)(1). Plaintiff has not, however, submitted a certified copy of his Jackson County Jail "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of his complaint, which is required when a prisoner seeks *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(2); *see also* 28 U.S.C. § 1915(h) (defining a "prisoner" as including a person detained in any facility who is accused of violations of criminal law). Plaintiff must obtain the "certified copy" from an "appropriate official" at the Jackson County Jail and submit it to the Court within thirty (30) days from the date of this Order. *See, e.g.,* 28 U.S.C. § 1915(a)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse

mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed a complaint asserting he is bringing a federal question action pursuant to "42 U.S.C. § 1983, breach of contract, gross negligence, medical malpractice, and class action Rule 23, F.R.C.P." ECF No. 1 at 2. The complaint does not contain a caption listing the specific defendants he intends to sue. Reading the complaint as a whole, however, he appears to bring this action against Gupreet Paada, M.D., Padda Law Firm, and Padda Pain Management Clinic. *See id.* at 1, 3. In his statement of claim, Plaintiff alleges the following:

> 1. 2017 Paralyzed neck down from a bulging disc in top of spine that required surgery, that was diagnosed by chiroprator [sic], Dr. Padda sent me to, in 2012, by way of MRI.
>
> 2. This happened Feburary [sic] 2017.
>
> 3. Southside Barbership located on Manchester in St. Louis Mo.
>
> 4. Paralysis (perman[e]nt) on right side, top and lower extrem[i]ties and permanent nerve damage (serious) throughout body.
>
> 5. Dr. Padda was acknowledge[d], by chiroprator [sic], of plaintiff's injuries suffered, by way of MRI, and knew that plaintiff needed surgery to prevent paralysis, yet Dr. Padda disregarded all relev[a]nt facts pertaining to this particular incident.

*Id.* at 4. It is unclear from his complaint whether plaintiff was incarcerated at the time he incurred his alleged injuries.

For relief, plaintiff seeks "actual damages, punitive damages, compensatory damages, and monetary damages" in the amounts of "$5,000,000,000" and "$15,000,000,000." *Id.*

**Discussion**

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to submit an amended complaint.

First, the complaint is defective because it does not contain a Caption listing the specific defendants he intends to sue, and fails to allege how the defendant(s) were personally responsible for the alleged violations of his constitutional rights. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

Second, it appears Gupreet Paada, M.D., Padda Law Firm, and Padda Pain Management Clinic are not state actors. The events plaintiff describes in his statement of claim seem to involve his dealings with private parties. 42 U.S.C. § 1983 imposes liability on government actors acting under color of state law.  "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Plaintiff has not done so, thus, his claims against Gupreet Paada, M.D., Padda Law Firm, and Padda Pain Management Clinic are subject to dismissal.

Lastly, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's

claims of "breach of contract, gross negligence, [and] medical malpractice" are not those falling under a violation secured by the Constitution or federal statutes. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

## Instructions on Amending the Complaint

Plaintiff is advised that the filing of an amended complaint completely replaces the original complaint, so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must type or neatly print the amended complaint on a Court-provided complaint form, and must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as

practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against that defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and

6

direct responsibility for, the deprivation of rights"). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that, within **thirty (30) days of the date of this Memorandum and Order**, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that, within **thirty (30) days of the date of this Memorandum and Order**, plaintiff shall submit a certified copy of his Jackson County Jail "trust fund account statement (or institutional equivalent)" for the six-month period immediately preceding the filing of this action.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

7

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 1st day of June, 2022.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE