**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL AYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-562 JMB |
| | ) | |
| GUPREET PAADA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Samuel Aye's response to the Court's June 29, 2022 order to show cause.[1] ECF No. 12. Having carefully reviewed the response, and for the reasons discussed below, the Court will dismiss this action for lack of subject matter jurisdiction.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.[2] An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1] Plaintiff titles his response as a "Motion to Show Cause."

[2] Plaintiff requested leave to proceed *in forma pauperis*, and the Court granted the request. ECF Nos. 3, 11.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Background

Plaintiff is a self-represented litigant currently incarnated at Jackson County Jail in Murphysboro, Illinois. On May 23, 2022, plaintiff filed a complaint asserting he was bringing a federal question action pursuant to "42 U.S.C. § 1983, breach of contract, gross negligence, medical malpractice, and class action Rule 23, F.R.C.P." ECF No. 1 at 2. The complaint lacked a Caption, but it appeared he was suing three private actors: Gupreet Paada, M.D., Padda Law Firm, and Padda Pain Management Clinic. *See id.* at 1, 3.

2

In the complaint, plaintiff alleged he was diagnosed with a bulging disc in 2012 and became paralyzed from the neck down in 2017. He claimed his treating provider, defendant Dr. Paada, disregarded his need for surgery. It was unclear from the complaint whether plaintiff was incarcerated at the time he incurred his alleged injuries. For relief, he sought "actual damages, punitive damages, [and] compensatory damages" in the amounts of "$5,000,000,000" and "$15,000,000,000." *Id.*

On June 1, 2022, the Court reviewed plaintiff's complaint pursuant to § 1915 and found it was subject to dismissal for three reasons. ECF No. 5. First, the complaint was defective because it did not contain a Caption listing the specific defendants he intended to sue and failed to allege how each defendant was personally responsible. Second, the defendants appeared to be private parties and 42 U.S.C. § 1983 only imposes liability on government actors. Third, plaintiff did not allege a violation of the U.S. Constitution or a federal statute, which is required to bring a claim under § 1983. In consideration of plaintiff's self-represented status, the Court directed him to submit an amended complaint.

On June 21, 2022, plaintiff filed an amended complaint. ECF No. 7. Although he again failed to include a Caption, he listed the defendants as Gupreet Padda M.D.,[3] Padda Pain Management Clinic, and Padda Law Firm. *See id.* at 9-10. Within the amendment, plaintiff clarified he was not incarcerated at the time he accrued his injuries. He further indicated he was not bringing suit against a federal official or agency and it was not his intent to bring any claims pursuant to 42 U.S.C. § 1983. *Id.* at 1, 11. He admitted defendants were private actors and entities. *Id.* at 2.

---

[3] The amended complaint changes the original spelling of "Paada" to "Padda."

Under the section of the form complaint titled, "Basis of Jurisdiction – Federal Question," plaintiff framed his claims as follows:

Tort Claim – Personal Injury – Mo. Rev. Stat. 516.120
Tort Claim – Breach of Contract, Mo. Rev. Stat. 400.2.725
Tort Claim – Negligence – Mo. Rev. Stat. 400.3
Tort Claim – Medical Malpractice/Medial Liability
Tort Claim – Due Process – Mo. Rev. Stat. 400.9

*Id.* at 11. Under the section of the form complaint titled, "Basis of Jurisdiction – Diversity of Citizenship," plaintiff indicated he and the three listed defendants were citizens of Missouri.  *Id.* at 11.

Plaintiff alleged Dr. Padda failed to provide him with proper medical care in 2013 because he did not recommend surgery to treat a fractured spine. Plaintiff asserts he fell in 2017 because of a bulging disc and is now permanently injured. He appears to attribute the fall to Dr. Padda's alleged negligence from four years prior. He also complains that on one occasion Dr. Padda improperly directed plaintiff to leave the medical clinic and wrongly accused plaintiff of seeking pain medication. Plaintiff asserts that Dr. Padda cannot refuse to treat him because he has government-issued insurance.

On June 29, 2022, the Court reviewed plaintiff's amended complaint and determined that he did not sufficiently establish subject matter jurisdiction. ECF No. 11. Specifically, plaintiff made no reference to a violation of a specific federal statute, federal treaty, or provision of the United States Constitution, and acknowledged he was not suing the federal government, a federal official, or a federal agency. Moreover, diversity jurisdiction did not appear to exist because he explicitly stated that he and each of the three defendants were Missouri citizens. *See* ECF No. 7 at 11-12. The Court ordered plaintiff to show cause as to why this action should not be dismissed. He was given thirty days to submit a response.

**Discussion**

**A. Plaintiff's Response to the Court's Show Cause Order**

On July 14, 2022, plaintiff filed a response to the Court's June 29, 2022 order to show cause. ECF No. 12. Plaintiff alleges subject matter jurisdiction exists in this action because of "complete diversity of citizenship." *Id.* at 2. He explains, "Dr. Gupreet Padda, was not born in the U.S.A., but is prop[r]ietor of The Diagnostic and Pain Management Clinic, of which all exist in the same State of Missouri, City of St. Louis, as Plaintiff Samuel Aye reside when violations of United States federal laws occur[r]ed." *Id.* According to this statement, plaintiff appears to be alleging that he and defendants are citizens of Missouri. As to the jurisdictional amount, he states he is seeking $70,000,000 in actual and punitive damages. *Id.* at 4.

Under the section plaintiff titles as "violation of federal laws under the Constitution," he asserts he is suing defendants pursuant to: (1) Missouri Revised Statute 516.105, Civil Tort Claim, Medical Malpractice/Medical Liability; (2) Missouri Revised Statute 516.120, Civil Tort Claim, Personal Injury; (3) Missouri Revised Statute 400.3, Civil Tort Claim, Negligence; (4) Missouri Revised Statute 400.7, Civil Tort Claim, Breach of Contract; (5) Missouri Revised Statute 400.9, Civil Tort Claim, Due Process; and (6) Missouri Revised Statute. *Id.* at 2-3.

**B. Subject Matter Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute").

The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff asserts that this Court has diversity and federal question jurisdiction over his case. However, as discussed below, plaintiff has not established that either basis for jurisdiction is present.

### 1. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty

that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017). With regard to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Here, plaintiff has asserted an amount in controversy that exceeds the jurisdictional threshold. However, he has failed to establish the diversity of the parties. Specifically, he states in both his amended complaint and show cause response that both himself and the defendants are Missouri citizens. *See* ECF No. 7 at 11-12; ECF No. 12 at 2. The fact that plaintiff is currently incarcerated in Jackson County Jail in Illinois would not change the diversity jurisdiction analysis, and plaintiff does not assert that he is an Illinois citizen. *See Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (prisoner's citizenship unaffected by incarceration in different state); *White v. Fawcett Publications,* 324 F. Supp. 403, 404 (W.D. Mo. 1971) ("Ordinarily, the citizenship of a prisoner remains in the State of which he was a citizen before his imprisonment.").

Therefore, plaintiff has failed to demonstrate the existence of diversity jurisdiction in this action.

### 2. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a

claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *See Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Here, plaintiff's amended complaint explicitly asserts he is not bringing claims under 42 U.S.C. § 1983. He then limits his allegations against defendants to state tort claims. In his response to the show cause order, he again only lists claims arising under Missouri state statutes. Although he generally described his tort claims to be federal in nature and arising under the United States Constitution, he does not cite to a specific federal statute, federal treaty, or provision of the United States Constitution.

Therefore, plaintiff has failed to demonstrate the existence of federal question jurisdiction in this action.

### C. Preservice Dismissal

As previously noted, the issue of subject matter jurisdiction may be raised at any time, by any party or the Court. *Gray*, 567 F.3d at 982. The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). In this case, plaintiff has not carried his burden of establishing the Court's subject matter jurisdiction over this action.

As the Court noted in its show cause order, this action appeared to sound in state law tort claims, such as medical malpractice and negligence. The Court gave plaintiff an opportunity to demonstrate otherwise. Plaintiff's show cause response attempts to inject a federal issue into this action by merely stating that this lawsuit involves questions of federal law and diverse parties. However, plaintiff contradicts those conclusory statements by citing to only state tort laws and an assertion that all parties are citizens of Missouri.

In short, nothing on the face of the amended complaint or show cause response establishes that plaintiff's claims against defendants were created by federal law, or involves a substantial question of federal law. *See Williams*, 147 F.3d at 702. Therefore, plaintiff has failed to demonstrate the existence of federal question jurisdiction. *See Biscanin*, 407 F.3d at 907 ("If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate"). As diversity jurisdiction is also not present, this case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of July, 2022.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

10